UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR: 6:24-CR-4 |
| | ) | |
| DAVID CASSADY | ) | |
| | ) | |

PLEA AGREEMENT

Defendant David Cassady, represented by Defendant's counsel Tina Maddox, and the United States of America, represented by Assistant United States Attorneys Benjamin Garner and Elizabeth Major, have reached a plea agreement in this case. The terms and conditions of that agreement are as follows.

1. Guilty Plea

Defendant agrees to enter a plea of guilty to Counts Four and Five of the Indictment, which both charge a violation of 18 U.S.C. § 844(f)(1) and (2).

2. Elements and Factual Basis

The elements necessary to prove the offense charged in Counts Four and Five are:

1. The defendant maliciously damaged, destroyed, or attempted to damage or destroy;

2. A building, vehicle, or other personal or real property;

3. By means of fire or an explosive;

4. In whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, or any institution or organization receiving Federal financial assistance; and

5. Created a substantial risk of injury to a person.

Defendant agrees that the Defendant is, in fact, guilty of these offenses. The Defendant agrees to the accuracy of the following facts, which satisfy each of the offense's required elements:

Between September 2019 and January 24, 2020, the Defendant constructed at least two destructive devices, namely bombs. On or about January 24, 2020, while incarcerated in state prison in the Southern District of Georgia, the Defendant mailed these destructive devices, namely bombs, to the United States Courthouse and Federal Building located at 222 W 7th Ave., Anchorage, Alaska, and to the Department of Justice located at 1400 New York Avenue NW, Washington DC. The destructive devices were functional and had the capabilities to explode. The Defendant provided a post-*Miranda* statement to law enforcement and admitted to mailing the bombs in retaliation for prison conditions and demanded prison officials comply with his demands.

3. Possible Sentence

Defendant's guilty plea will subject the Defendant to the following maximum possible sentence as to both counts: 40 years' imprisonment, 4 years' supervised release, a $250,000 fine, such restitution as may be ordered by the Court, and forfeiture of all forfeitable assets. Defendant's guilty plea will subject Defendant to a mandatory minimum sentence of 7 years' imprisonment. The Court additionally must impose a $100 special assessment per count of conviction.

4. No Promised Sentence

No one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range. The Court is not bound by any estimate of sentence given or recommendations made by Defendant's counsel, the government, the U.S. Probation Office, or anyone else. The Court may impose a sentence up to the statutory maximum. Defendant will not be allowed to withdraw Defendant's plea of guilty if the Defendant receives a more severe sentence than the Defendant expects.

5. Court's Use of Sentencing Guidelines

The Court is obligated to use the United States Sentencing Guidelines to calculate the applicable guideline range for Defendant's offense. The Sentencing Guidelines are advisory; the Court is not required to impose a sentence within the range those Guidelines suggest. The Court will consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), in determining the Defendant's sentence. The Sentencing Guidelines are based on all of Defendant's relevant conduct, pursuant to U.S.S.G. § 1B1.3, not just the conduct underlying the particular Counts to which Defendant is pleading guilty.

DC

6. <u>Agreements Regarding Sentencing Guidelines</u>

   a. <u>Use of Information</u>

   Nothing in this agreement precludes the government from providing full and accurate information to the Court and U.S. Probation Office for use in calculating the applicable Sentencing Guidelines range.

   b. <u>Acceptance of Responsibility</u>

   If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the government will move for an additional one-level reduction in offense level pursuant to Section 3E1.1(b) based on Defendant's timely notification of the Defendant's intention to enter a guilty plea.

7. <u>Dismissal of Other Counts</u>

   At sentencing, the government will move to dismiss any other Counts of the Indictment that remain pending against Defendant.

8. <u>Abandonment of Property</u>

   Defendant waives and abandons Defendant's interest in any property that may have been seized in connection with this case.

9. <u>Financial Obligations and Agreements</u>

   a. <u>Restitution</u>

   The amount of restitution ordered by the Court shall include restitution for the full loss caused by Defendant's total criminal conduct. Restitution is not limited to the specific counts to which Defendant is pleading guilty. Any restitution judgment

4

is intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction.

b. Special Assessment

Defendant agrees to pay a special assessment in the amount of $200, payable to the Clerk of the United States District Court, which shall be due immediately at the time of sentencing.

c. Required Financial Disclosures

By the date that Defendant enters a guilty plea, Defendant shall complete a financial disclosure form listing all Defendant's assets and financial interests, whether held directly or indirectly, solely or jointly, in Defendant's name or in the name of another. Defendant shall sign the financial disclosure form under penalty of perjury and provide that form to the Financial Litigation Unit of the United States Attorney's Office and to the United States Probation Office. Defendant authorizes the United States to obtain credit reports on Defendant and to share the contents of those reports with the Court and the United States Probation Office. Defendant also authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the United States Probation Office.

f. Financial Examination

Defendant will submit to an examination under oath on the issue of Defendant's financial disclosures and assets if deemed necessary by the United States. Such examination will occur not later than 30 days after the entry of Defendant's guilty plea.

g. <u>No Transfer of Assets</u>

Defendant certifies that Defendant has made no transfer of assets in contemplations of this prosecution for the purpose of evading or defeating financial obligations created by this Agreement or that may be imposed upon Defendant by the Court at sentencing. Defendant promises that Defendant will make no such transfers in the future.

h. <u>Material Change in Circumstances</u>

Defendant agrees to notify the United States of any material change in circumstances, as described in 18 U.S.C. § 3664(k), that occurs prior to sentencing in this case. Such notification will be made within seven days of the event giving rise to the changed circumstances, and in no event later than the date of sentencing.

i. <u>Enforcement</u>

Any payment schedule imposed by the Court is without prejudice to the United States to take all actions and remedies available to it to collect the full amount of the financial obligations imposed by the judgment of the Court in this case. Defendant understands and agrees that the financial obligations imposed by the judgment of the Court in this case will be placed on the Treasury Offset Program so that any federal payment that Defendant receives may be offset and applied to the judgment debt without regard to or affecting any payment schedule imposed by the Court.

)C

11. <u>Waivers</u>

   a. <u>Waiver of Appeal</u>

   Defendant entirely waives Defendant's right to a direct appeal of Defendant's conviction and sentence on any ground (including any argument that the statute to which the Defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of Defendant's sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs Defendant's attorney not to file an appeal.

   b. <u>Waiver of Collateral Attack</u>

   Defendant entirely waives Defendant's right to collaterally attack Defendant's conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack Defendant's conviction and sentence based on a claim of ineffective assistance of counsel.

   c. <u>FOIA and Privacy Act Waiver</u>

   Defendant waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the

authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d. Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 Waiver

Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a Defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules. If Defendant fails to plead guilty, or Defendant's plea of guilty is later withdrawn, all of Defendant's statements in connection with this plea, and any leads derived therefrom, shall be admissible for any and all purposes.

14. Defendant's Rights

Defendant has the right to be represented by counsel, and if necessary have the court appoint counsel, at trial and at every other critical stage of the proceeding. Defendant possesses a number of rights which Defendant will waive by pleading guilty, including: the right to plead not guilty, or having already so pleaded, to persist in that plea; the right to a jury trial; and the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

15. Satisfaction with Counsel

Defendant has had the benefit of legal counsel in negotiating this agreement. Defendant believes that Defendant's attorney has represented Defendant faithfully,

skillfully, and diligently, and Defendant is completely satisfied with the legal advice given and the work performed by Defendant's attorney.

16. Breach of Plea Agreement

If Defendant fails to plead guilty, withdraws or attempts to withdraw Defendant's guilty plea, commits any new criminal conduct following the execution of this agreement, or otherwise breaches this agreement, the government is released from all of its agreements regarding Defendant's sentence, including any agreements regarding the calculation of Defendant's advisory Sentencing Guidelines. In addition, the government may declare the plea agreement null and void, reinstate any counts that may have been dismissed pursuant to the plea agreement, and/or file new charges against Defendant that might otherwise be barred by this plea agreement. Defendant waives any statute-of-limitations or speedy trial defense to prosecutions reinstated or commenced under this paragraph.

17. Entire Agreement

This agreement contains the entire agreement between the government and Defendant.

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

3/4/25
Date

_Elizabeth Major for BNG_
Benjamin N. Garner
Chief, Criminal Division

3/25/ 3/4/25
Date

_E. Elizabeth Major_
AUSA E. Elizabeth Major
Assistant United States Attorney

9

I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect.

1-24-25
Date

_____
Defendant

I have fully explained to Defendant all of Defendant's rights, and I have carefully reviewed each and every part of this agreement with Defendant. I believe that Defendant fully and completely understands it, and that Defendant's decision to enter into this agreement is an informed, intelligent, and voluntary one.

1-24-25
Date

_____
Defendant's Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR: 6:24-CR-00004 |
| ) | |
| DAVID CASSADY ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the Defendant and the Defendant's attorney at a hearing on the Defendant's motion to change Defendant's plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by Defendant be, and it is, hereby accepted and the foregoing Plea Agreement be, and it is, hereby ratified and confirmed.

This ____ day of _March_ 2025.

_____
J. RANDAL HALL
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA