UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Docket No.: 6:24CR00004-1 |
| v. | ) |
| DAVID CASSADY | ) |
| Defendant. | ) |

**SENTENCING MEMORANDUM**

COMES NOW the Defendant, David Cassady, now legally Lena Noel Summerlin, by and through undersigned counsel, and respectfully submits this Sentencing Memorandum to assist the Court in imposing a sentence that is "sufficient, but not greater than necessary," to comply with the statutory directives set forth in 18 U.S.C. § 3553(a). In support thereof, Defendant states as follows:

**I.    INTRODUCTION AND ACCEPTANCE OF RESPONSIBILITY**

The Defendant has unequivocally admitted responsibility for mailing two incendiary devices which are the subject of Counts 4 and 5 of the Indictment. Her admission made during the course of the investigation and in her plea reflects her contrition and understanding of the danger posed by her actions. She has expressed remorse and does not attempt to minimize her culpability. The Defendant does not seek to excuse her conduct, but to contextualize it.

While the Defendant acknowledges the serious nature of the instant offenses and fully accepts responsibility for her conduct, she urges this Court to consider the totality of circumstances surrounding her actions, including her mental health, trauma suffered while

incarcerated, her identity as a transgender female in the penal system, and the broader implications of the conditions that precipitated her conduct.

## II. CIRCUMSTANCES OF THE OFFENSE

The Defendant's actions were not contained by a desire to harm others or terrorize institutions, but were acts of desperation born out of unrelenting abuse, hopelessness, and mental distress. She crafted the devices with knowledge that they would travel far distances, to Anchorage, Alaska and Washington, D.C., so that they could be intercepted prior to causing harm. She went so far as to inform corrections staff of the devices' existence, behavior that mitigates the likelihood of intent to actually injure.

As outlined in letters sent by the Defendant and confirmed in subsequent interviews, the mailings were a desperate cry for help and an attempt to expose the horrific abuses she and others endured in state custody. She also wanted to be transferred to a facility where she could have access to mental health treatment and be closer to a partner who once tried to help her.

Following the commission of these offenses by the Defendant, the U.S. Department of Justice Civil Rights Division released a 93 page report on October 1, 2024 outlining the horrors present in Georgia prisons. It contains findings that the GDC allows frequent, pervasive violence that results in serious bodily harm and sometimes death. It also contains findings that the GDC does not reasonably protect incarcerated individuals including LGBTI individuals from sexual harm. This report confirms that the abuses experienced by this Defendant are not merely anecdotal. This Defendant's ordeal is not in vain, as it contributed to exposing a prison system rife with violence, indifference, and lawlessness. Notably the notoriously violent and dilapidated

Georgia State Prison in Reidsville, was closed. Hopefully her story will serve to deter others from engaging in similar, or more severe conduct due to the attention it has drawn.

### III. PERSONAL BACKGROUND AND CRIMINAL HISTORY

The Defendant is adopted. Her adoptive mother states that the Defendant was a "good kid" and talented artist. The Defendant suffers from severe anxiety and gender dysphoria. She has desired a sex change operation since at least the age of 18.

She has been the victim of physical and sexual abuse by other inmates and by a guard. She has been awarded $150,000.00 in compensatory damages and $50,000.00 in punitive damages in her §1983 action against a corrections officer who physically and sexually assaulted her. She has never been able to collect on this judgment. *See generally, Cassady v. Hall*, 892 F.3d 1150 (2018).

### IV. MENTAL HEALTH, GENDER IDENTITY, AND VULNERABILITY

The Defendant respectfully requests that the Court impose any custodial sentence to be served in the custody of the Federal Bureau of Prisons, rather than remanding her to the Georgia Department of Corrections. Like the Georgia DOC, the Bureau of Prisons is not guaranteed to house the Defendant in a facility that aligns with her gender identity, despite her long-standing diagnosis and treatment for gender dysphoria, including prescribed hormone therapy. However, the Defendant's history of severe abuse and mistreatment while in Georgia state custody, by both staff and inmates, makes placement in the Georgia prison system a particularly dangerous and inappropriate option.

The Defendant's vulnerability to further abuse in custody is not speculative; it is virtually certain if she is returned to the state system. Current state law will preclude her from continuing

her treatment for gender dysphoria. This will be catastrophic for her emotional and mental well-being. Under 18 U.S.C. § 3553(a)(2)(D), the Court is authorized to consider whether the sentence imposed will provide the defendant with needed medical care in the most effective manner. Given her unique profile as a transgender female with a serious mental health history and chronic illness, federal custody offers a greater likelihood, albeit still imperfect, of receiving necessary treatment and being protected from harm.

V.     CONCLUSION

This Defendant suffers no delusion that she will be out of prison any time soon. In light of her age and the guideline range applicable, she realizes that she may never be released. She seeks the mercy of the Court to sentence her to a term of imprisonment in the Federal Bureau of Prisons to run concurrently with the sentences she is presently serving with the State of Georgia. A copy of the DOJ report, *Forgotten Justice I am Jane Doe the Lena "Noel" Summerlin Story, Cassady v. Hall,* a letter from civil counsel (D Dangaran), and a letter from her mother (Carol Jensen) are attached for the Court's review.

THEREFORE, the Defendant respectfully requests this Honorable Court to:

(a) impose a sentence within the guideline range as found at sentencing;

(b) that she be sentenced as otherwise recommended by the United States Probation office as it relates to supervised release, fine, and restitution; and

(c) that she be directed to a federal facility friendly to transgender inmates in a BOP facility near her mother.

Respectfully submitted this 8th day of July, 2025.

                        LAW OFFICE OF TINA E. MADDOX, LLC
                        */s/ Tina E. Maddox*
                        Tina E. Maddox
                        State Bar No: 465511
                        Attorney for Defendant

*For The Firm*
*LAW OFFICE OF TINA E. MADDOX, LLC*
*P.O. Box 1343*
*Vidalia, GA 30475*
*(912) 537-3025*
*(912) 537-0264*
*tinam13@bellsouth.net*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | )   **Docket No.: 6:24CR00004-1** |
| | ) |
| | ) |
| **v.** | ) |
| | ) |
| **DAVID CASSADY** | ) |
| | ) |
| **Defendant.** | ) |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the forgoing Sentencing Memorandum with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all counsel of record in this matter.

Respectfully submitted this 8th day of July, 2025.

LAW OFFICE OF TINA E. MADDOX, LLC

  /s/ Tina E. Maddox
Tina E. Maddox
State Bar No: 465511
Attorney for Defendant

*For The Firm*
*LAW OFFICE OF TINA E. MADDOX, LLC*
*P.O. Box 1343*
*Vidalia, GA 30475*
*(912) 537-3025*
*(912) 537-0264*
*tinam13@bellsouth.net*